BY: The Law Offices of Andrew J. Spinnell, LLC
ANDREW J. SPINNELL (AS 4917)
Attorneys for Plaintiff
Law Offices of Andrew J. Spinnell
275 Madison Avenue, Suite 1000
New York, NY 10016
212-684-0317

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
STEVEN JUDE,                                    :
                                                :
                          Plaintiff,            :   Docket No.: 14CV-1431
                                                :
              - against -                       :   **AMENDED COMPLAINT**
                                                :   **PLAINTIFF DEMANDS**
                                                :   **TRIAL BY JURY**
                                                :
CITY OF NEW YORK, (Municipal Corporation)       :
Dr. DORA B. SCHRIRO, (Commissioner)              :
EVELYN MIRABEL, (Chief of the Department)       :
STEPHEN WETTENSTEIN, (Warden, M. D. C.)         :
JONES # 168, (Captain at M.D.C.)                :
MORALES # 15589                                 :
Sued in their individual and official capacities. :
                                                :
                          Defendants.           :
---------------------------------------------------------------x

      Plaintiff, STEVEN JUDE, by his attorneys, The Law Offices of Andrew J. Spinnell, LLC, as and for his Amended Complaint, respectfully alleges as follows, upon information and belief:

      1.    At all times hereinafter mentioned, the Plaintiff, STEVEN JUDE, was incarcerated at the Manhattan Detention Complex (hereinafter "MDC"), a city jail located at 125 White Street,

New York, NY 10013, and is now incarcerated at the Sullivan Correctional Facility, 325 Riverside Dr., P.O. Box 116, Fallsburg, NY, 12733-0116.

2. At all times hereinafter mentioned the Plaintiff, STEVEN JUDE, was and is a citizen of the State of New York, residing in the City and State of New York.

3. At all times hereinafter mentioned, Defendant CITY OF NEW YORK (hereinafter "CITY") was and still is a citizen of the State of New York, being a municipal corporation organized and existing under and by virtue of the laws of the State of New York with its principal place of business at 1 Centre Street, New York, New York.

4. At all times hereinafter mentioned, the Defendant, DR. DORA B. SCHRIRO, was and still is a citizen of the State of New York, being the former Commissioner of the City of New York Department of Corrections, with the responsibility for operating and maintaining detention, penal, and correction institutions within the City of New York, including the MDC.

5. At all times hereinafter mentioned, the Defendant, EVELYN MIRABEL, was and still is a citizen of the State of New York, being the Chief of the City of New York Department of Corrections with the responsibility for operating and maintaining detention, penal, and correction institutions within the City of New York, including the MDC.

6. At all times hereinafter mentioned, the Defendant, STEPHEN WETTENSTEIN (hereinafter "WETTENSTEIN"), was and still is a citizen of the State of New York, being New York City's former Warden of the MDC, and who, as such, manages the day-to-day operations of same, and executes its policies, procedures, and enforces the laws of the MDC.

7.      At all times hereinafter mentioned, the Defendant, JONES #168 (hereinafter "JONES"), was and still is a citizen of the State of New York, being the New York City Corrections Captain at the MDC, and who, as such, is responsible for supervising housing units, first line supervision of corrections officers, supervising the feeding in the assigned housing units, with the duty to properly investigate and report any incidents that occur in said assigned housing units, and provide care, custody, and to control for the inmates within the complex, including, but not limited to, the Plaintiff.

8.      At all times hereinafter mentioned, the Defendant, MORALES #15589 (hereinafter "MORALES"), was and still is a citizen of the State of New York, being a New York City Corrections officer at the MDC, with a duty of care, custody, and control of same, which includes, but is not limited to, following the policies and procedures of the MDC for the safety of inmates, including, but not limited to, the Plaintiff, and to correctly report any incidents that occur between inmates that are under her care, custody, and control accurately, and to refrain from distorting and/or misrepresenting any material facts regarding same, so as to cover up any breach of duty by herself or any other employee of MDC.

9.      All of the aforesaid Defendants were and still are employees of the Defendant City of New York and were acting under color of state law at the time of the alleged incident.

10.     This action arises and is brought pursuant to 42 U.S.C. §§ 1983, 12132, 12101 et. seq., and Title II of the Americans with Disabilities Act (hereinafter "ADA"), Section 504 of the Rehabilitation Act of 1973 due to the bodily injuries sustained by Plaintiff due to Defendants' negligence and willful failure to follow proper procedures of the MDC which has caused Plaintiff,

as a disabled person to suffer and continue to suffer severe mental and emotional distress, and thereby violated said Plaintiff's civil rights guaranteed by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and by the Constitution of the State of New York.

11. At all times hereinafter mentioned, the Defendants has a duty of care to the Plaintiff, as a disabled inmate, who is under their exclusive control, to provided his with handicapped housing and reasonable accommodations in accordance with Title II of the ADA, Section 504 of the Rehabilitation Act of 1973.

12. This Court has original jurisdiction as a Federal Question over the Defendants in this action pursuant to 28 U.S.C. §§1331 and supplemental jurisdiction of the State Law Claims under 28 U.S.C. §1367.

13. Plaintiff's claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure.

14. The causes of action arose in the Southern District of New York; therefore, venue is proper here under 28 U.S.C. §1391(b).

15. At all times hereinafter mentioned, Defendants are persons for the purpose of 42 U.S.C. §§§1983, 12101, and 12132, and said Defendants acted willfully and maliciously to deprive Plaintiff of his rights under the Constitution of the United States, ADA, and the Constitution of the State of New York.

## STATEMENT OF FACTS

16.     Plaintiff repeats and realleges each allegation set forth above in paragraphs "1" through "15" hereof with the same full force and effect as set forth at length herein.

17.     Plaintiff is a New York State Commission of the Blind registered individual (legally blind), as well as a qualified individual with a disability, who was an inmate housed in the New York City Department of Corrections (hereinafter "DOC") disabled housing unit at the North Infirmary Command (hereinafter "NIC") of the MDC from 2006 until 2010, which is controlled by the DOC and not the Prison Health Corp.

18.     All legally blind and otherwise disabled inmates, such as Plaintiff, are supposed to be placed in NIC of the MDC. In addition, as the ADA provides, no qualified individual with a disability shall by reason of such disability, such as Plaintiff, be excluded from participation in or be denied the benefits of a public entity or be subjected to discrimination by any such entity.

19.     On or about February 5, 2014, at approximately 4:30, Defendant MORALES was entertaining an inmate from 5 East Housing Unit of the MDC with her cell phone during the feeding time in 5 West Housing Unit of the MDC when she relieved another officer for meal.

20.     Defendant WETTENSTEIN posted a memorandum for staff to not allow any inmates from other Housing Units into the Housing Unit to which they were not assigned.

21.     Defendant WETTENSTEIN posted a memorandum prohibiting staff from bringing a cell phone into the MDC, including the Housing Units, for security reasons.

22.     Plaintiff observed a Security Risk Group ("SRG") inmate, Thomas Answer Keyen #3349-14-18580 (hereinafter "inmate Keyen"), who was not a Pantry Worker, serving food in the

Pantry at the MDC, and who gave away Plaintiff's P.M. snack, which he normally receives as a diabetic, to another SRG inmate.

23.     SRG inmates are not supposed to be in the Pantry at the MDC serving food and are not supposed to be issued jobs at the MDC. In addition, inmates who serve food need to have a medical clearance, which inmate Keyen did not have.

24.     Defendant MORALES permitted inmate Keyen to serve food in the Pantry of the MDC even though said Defendant had knowledge that inmate Keyen did not have medical clearance and was an SRG inmate who was not permitted to be issued a job at the MDC.

25.     When Plaintiff informed Defendant MORALES that his P.M. snack was given away to another inmate, Defendant MORALES then stated in a loud voice in the Housing Unit that Plaintiff accused the Pantry Worker, inmate Keyen, of stealing his snack. This statement by Defendant MORALES tacitly labeled Plaintiff a "Snitch".

26.     Due to Defendant MORALES' statement regarding Plaintiff's accusing the Pantry Worker, inmate Keyen, of giving away his P.M. snack, inmate Keyen confronted Plaintiff and called him an "old ass snitch bitch". Inmate Keyen then assaulted Plaintiff with a plastic food tray, hitting him in the face with the tray, and then proceeding to punch Plaintiff about his head and body.

27.     Defendant MORALES, in an effort to cover up her breach of duty of care and deliberate indifference to the Plaintiff's health and safety, pushed the PBA after Plaintiff was assaulted by inmate Keyen so as to intentionally cover up the aforementioned assault.

28. Defendant MORALES willfully, knowingly, and intentionally lied to her Supervising Captain, Defendant JONES, in an effort to cover up her breach of duty of care to the Plaintiff, and proceeded to falsify the infraction report and injury report generated from the Plaintiff's assault by inmate Keyen.

29. Defendant JONES failed to properly report the incident by, inter alia, never interviewing Plaintiff or collecting any voluntary witness statement forms as is the policy of the MDC.

30. Defendant JONES falsified documents that were generated from the Plaintiff's assault by stating that Plaintiff and other witnesses refused to be interviewed and to make voluntary statements. Defendant JONES did state in his falsified report that some inmates gave verbal witness statements which corroborated the intentionally falsified infraction and injury reports generated by Defendant MORALES.

## AS AND FOR A FIRST COUNT FOR NEGLIGENCE

31. Plaintiff repeats and realleges each allegation set forth above in paragraphs "1" through "29" hereof with the same full force and effect as set forth at length herein

32. On or about February 5, 2014, at approximately 4:30, inmate Keyen, an SRG inmate, was allowed to work in the Pantry of the MDC with the knowledge and at the direction of Defendant MORALES even though he was not qualified to perform such work pursuant to the procedures and policies of the MDC, as he did not have a medical clearance and SRG inmates are not permitted to be issued jobs at the MDC.

33. After Plaintiff informed Defendant MORALES that his P.M. diabetic snack was given away to another inmate by inmate Keyen, Defendant MORALES stated with a loud voice that a Pantry Worker gave away Plaintiff's P.M. snack to another inmate.

34. Inmate Keyen confronted Plaintiff, called him an "old ass snitch bitch", and then proceeded to strike Plaintiff with a plastic food tray and then punched him with closed fists about the head and body.

35. The aforementioned unprovoked attack occurred as a result of the negligence of Defendants, who had a duty to adequately supervise the inmates, including inmate Keyen, and to refrain from violating the policies and procedures of the MDC including, but not limited to, the housing of the disabled Plaintiff inmate with SRG inmates; allowing inmates who are not qualified to be issued jobs at the MDC, including inmate Keyen, and allowing them to perform such jobs, including working in the Pantry at the MDC; and failing to provide a safe environment for their inmates, including Plaintiff, by protecting their inmates from unreasonable dangers, including unprovoked attacks by other inmates; and Defendants breached said duty.

36. As result of the aforesaid negligence of the Defendants, and through no contributory negligence on the part of Plaintiff, Plaintiff was caused to and did suffer serious and severe personal injuries to diverse parts of his body and limbs, causing him to become and remain sick, sore and/or lame, and disabled for a long period of time and did suffer personal injuries to his mind and body, requiring him to obtain medical treatment for the said injuries, confining him to his bed; compelling him to obtain medical treatment for said injuries in an effort to alleviate and/or cure some of his ills, injuries and disabilities suffered, incapacitating him from attending to his

usual duties and thereby depriving him of the benefits derived therefrom, including, but not limited to neck and back injuries and restraint of liberty, humiliation, damage to his reputation, past and future pain and suffering and other serious personal injuries.

37. Plaintiff was further caused to be prevented from enjoying the normal fruits of his activities including, but not limited to, social, educational, and economic, all resulting in substantial injuries, some of them, either in their nature or their effects, are permanent and lasting and Plaintiff may continue indefinitely into the future to suffer similar loss, expense and disability.

38. By reason of the foregoing, Plaintiff has suffered damages in the sum of $ 500, 000.00, or such other sum proven at trial.

## AS AND FOR A SECOND COUNT
## FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

39. Plaintiff repeats and realleges each allegation set forth above in paragraphs "1" through "38" hereof with the same full force and effect as set forth at length herein.

40. On or about February 5, 2014, at approximately 4:30, inmate Keyen, an SRG inmate, was allowed to work in the Pantry of the MDC with the knowledge and at the direction of Defendant MORALES even though he was not qualified to perform such work pursuant to the procedures and policies of the MDC, as he did not have a medical clearance and SRG inmates are not permitted to be issued jobs at the MDC.

41. When Plaintiff informed Defendant MORALES that his P.M. diabetic snack was given away to another inmate by inmate Keyen, Defendant MORALES stated with a loud voice that a Pantry Worker gave away Plaintiff's P.M. snack to another inmate.

42. Inmate Keyen confronted Plaintiff, called him an "old ass snitch bitch", and then proceeded to strike Plaintiff with a plastic food tray and then punched him with closed fists about the head and body.

43. Due to the Defendants deliberately, willfully and intentionally permitting inmate Keyen to work in the Pantry of the MDC when, pursuant to the policies and procedures of the MDC, he was not qualified to be a Pantry Worker due to his being classified as an SRG inmate and having no medical clearance, Plaintiff was caused to be assaulted without just cause or provocation, and was also caused to intentionally be inflicted with severe mental and emotional distress without any justification, and without Plaintiff's consent, and Defendants thereby violated Plaintiff's civil rights guaranteed by 42 U.S.C. Sec. 1983, and by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and by the Constitution of the State of New York.

44. At all times relevant hereto, the aforesaid and acts complained of by Plaintiff herein were committed by Defendants, and therefor by law Defendants are responsible, jointly and severally, for their conduct of same.

45. Each and all of the acts of said Defendants and their agents, servants and employees alleged herein were undertaken by said Defendants, and each of them, not as individuals, but under

color and pretense of the statutes, ordinances, regulations, customs, usages and policy of the State and City of New York, and under the authority of their employment for Defendant CITY.

46. The aforesaid acts by Defendants WETTESTEIN, MORALES and JONES were undertaken as part of a policy of Defendant CITY to discriminate against disabled inmates, including Plaintiff.

47. Defendant CITY is liable for any torts or liability of Defendants WETTESTEIN, MORALES and JONES.

48. That by reason of the above acts and/or omissions of said Defendants, Plaintiff was forced to undergo physical pain and suffering, emotional distress, damage to personality, humiliation, damage to reputation, embarrassment, pain, nightmares, and the inability to sleep which rendered him sick, sore, lame and disabled, all totaling in the amount of $500,000.00, or such other amount proven at trial.

49. Defendants' aforesaid actions were so wanton and malicious and in violation of the public trust that an award of punitive damages of $1,000,000 should be assessed against the Defendants pursuant to 42 U.S.C. §1983.

50. By reason of the foregoing, Plaintiffs demands an award of attorneys' fees in an amount to be determined at the time of trial pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD COUNT FOR DISCRIMINATION UNDER THE ADA

51. Plaintiff repeats and realleges each allegation set forth above in paragraphs "1" through "50" hereof with the same full force and effect as set forth at length herein.

52. Plaintiff is a New York State Commission of the Blind registered individual (legally blind), as well as a qualified individual with a disability, who was an inmate housed in the DOC disabled housing unit at NIC of the MDC from 2006 until 2010, which is controlled by the DOC and not the Prison Health Corp.

53. Due to Plaintiff's being a disabled inmate pursuant to the ADA and the laws of the State of New York, Plaintiff should have been housed in a disabled housing unit at the NIC and not with SRG inmates in violation of the policies and procedures of the MDC.

54. Defendants' breach of their duty of care to the disabled Plaintiff inmate whom they knew, or should have known, to be "legally blind", by not providing him with handicapped housing and reasonable accommodations in accordance with Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, and housing him with SRG inmates, which Defendants knew, or should have known, to be gang members with a propensity for violence, caused Plaintiff damages totaling the sum of $500,000.00 or such other amount as proven at trial.

55. Due to Defendants' aforementioned breach of their duty of care to the disabled Plaintiff inmate, Plaintiff was caused to be assaulted by inmate Keyen, an inmate with an SRG classification, with a plastic food tray in his face and then be punched with closed fists about the head and body.

56. That by reason of the above acts and/or omissions of Defendants, Plaintiff was forced to undergo physical pain and suffering, emotional distress, damage to personality, humiliation, damage to reputation, embarrassment, pain, nightmares, and the inability to sleep which rendered him sick, sore, lame and disabled.

57.     Defendants' aforesaid actions were so wanton and malicious and in violation of the public trust that an award of punitive damages of $1,000,000 should be assessed against the Defendants pursuant to 42 U.S.C. §1983.

58.     By reason of the foregoing, Plaintiff demands an award of attorneys' fees in an amount to be determined at the time of trial pursuant to 42 U.S.C. §1988.

59.     Plaintiff also requests an injunction against Defendants by enjoining and restraining them from continuing to have disabled inmates in the General Population among SRG inmates and mandatorily compelling Defendants to house all disabled inmates in the disabled housing unit such as the NIC.

60.     Plaintiff has no adequate remedy at law.

61.     Plaintiff has suffered irreparable as a result thereof and the equities are in his favor.

WHEREFORE, Plaintiff STEVEN JUDE demands judgment jointly and severally against all Defendants as follows: 1) on the First Count, the Second Count, and Third Count in the sum of Five Hundred Thousand Dollars ($500,000.00) and/or an injunction restraining Defendants from discriminating against disabled inmates and enjoining Defendants from having disabled inmates in the General Population Housing Units and mandatorily directing Defendants to house disabled inmates in Housing units for the disabled such as the NIC at the MDC, together with an award of interest from February 5, 2014, and punitive damages of One Million Dollars ($1,000,000.00), or such other amount as is proven at trial, and attorneys' fees in an amount to be determined at the time of trial pursuant to 42 U.S.C. §1988.

Dated: New York, New York
June ___, 2014

Yours, etc.,

ANDREW J. SPINNELL (AS 4917)
LAW OFFICES OF
ANDREW J. SPINNELL, LLC.
*Attorneys for Plaintiff*
275 Madison Avenue, Suite 1000
New York, New York 10016
Tel (212) 684-0317
spinnellaw@aol.com

TO: ZACHARY CARTER, CORPORATION COUNSEL
*Attorneys for the Defendant City of New York*
100 Church Street, Room 3-203
New York, New York 10007
(212) 356-2377

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK              )
                               ) SS:
COUNTY OF NEW YORK   )

       I, Vaughn Robinson, being sworn, say: I am not a party to the action, am over 18 years of age and reside at New York, New York.

       On June 6, 2014, I served the within **AMENDED COMPLAINT** depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care of the United Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

ZACHARY CARTER, CORPORATION COUNSEL
*Attorneys for the Defendant City of New York*
100 Church Street, Room 3-203
New York, New York 10007

                                                                                VAUGHN ROBINSON

Sworn to me before me the
6th of June, 2014

_____
Notary Public

        ANDREW J. SPINNELL
   Notary Public, State of New York
          No. 02SP4778512
    Qualified in New York County
  Commission Expires May 31, 2018